UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MEDINA,

              Plaintiff,

      v.

DOREEN SKOWRON, ASAT Program
Assistant, et al.,

              Defendants.
_____

DECISION & ORDER

08-CV-6516P

        Plaintiff Anthony Medina ("Medina") filed a *pro se* complaint under 42 U.S.C. § 1983 claiming that defendants discriminated against him on the basis of his disability by barring him from participating in a federally-funded program. (Docket # 1). Medina has been granted leave to proceed *in forma pauperis*. (Docket # 4). He now moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), which authorizes the court to "request an attorney to represent any person unable to afford counsel." (Docket # 14). Medina also requests special accommodation for his visual impairment. (*Id.*).

I. **Appointment of Counsel**

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent

litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court must first look to the

"likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co, Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. The legal issues in this case do not appear to be complex, and the quality of plaintiff's submissions thus far demonstrate his ability to investigate the facts of his case and present them clearly. Plaintiff's visual impairment is a special circumstance, but one which can be accommodated as set forth below. Plaintiff's motion for the appointment of counsel is therefore denied without prejudice at this time. It is the plaintiff's

responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## II. Special Accommodation

Medina also makes a motion for special accommodation for his visual impairment. In support of this motion, he attaches as Exhibit C an order issued on March 31, 2009 by Magistrate Judge Nathaniel Fox of the Southern District of New York related to another matter. Judge Fox directed that "documents provided to the plaintiff by the Clerk of [the] Court and the defendants shall be enlarged to accommodate the plaintiff's visual impairment." (Docket # 14, Exhibit C). Plaintiff's motion for special accommodation for his visual impairment is granted. The Clerk of this Court and counsel for defendants are directed to provide all documents to Medina in the font size of 14 points or larger.

## CONCLUSION

For the foregoing reasons, it is this Court's Decision and Order that Medina's motion for appointment of counsel and special accommodations **(Docket # 14)** is **GRANTED in PART and DENIED in PART**.

**IT IS SO ORDERED.**

                                                         *s/Marian W. Payson*
                                                            MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated:       Rochester, New York
               July  24 , 2009