UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY MEDINA,

                Plaintiff,

        v.

DOREEN SKOWRON, et al.,

                Defendants.
_____

<u>DECISION & ORDER</u>

08-CV-6516L

Plaintiff Anthony Medina ("Medina") has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, claiming that defendants discriminated against him on the basis of his disability by barring him from participating in a federally-funded program. (Docket # 1). Currently before this Court are plaintiff's motions for the appointment of counsel. (Docket ## 40, 43).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-

*Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and

"even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. It is therefore the Decision and Order of this Court that plaintiff's motions for the appointment of counsel **(Docket ## 40, 43)** are **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

Medina has also sought the Court's assistance with problems he claims to have encountered as a result of enforcement of a DOCS policy (Directive

#4917) that allegedly limits "the amount of property an inmate may possess when being transferred or awaiting transfer to another prison." (Docket # 43 at 1). Medina alleges that he has ten lawsuits pending and, pursuant to this policy, he has had to discard or surrender to others many of his legal documents, including the documents related to the instant action. (*Id*. at 2-3). This Court has forwarded Medina's letter regarding the DOCS policy to the Superintendent of Sing Sing Correctional Facility, where Medina is currently housed, and has requested a response concerning whether the policy, if accurately described by Medina, permits any exceptions for legal materials.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:     Rochester, New York
            June   21  , 2010